UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KENNETH DOWNING                    CIVIL ACTION NO. 6:13-cv-03087

VERSUS                             JUDGE DOHERTY

HUDSON INSURANCE CO., ET AL.       MAGISTRATE JUDGE HANNA

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Hudson Insurance Company removed this action from the 15th Judicial District Court, Lafayette Parish, Louisiana, alleging that this Court has jurisdiction over this matter, under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  Therefore, Hudson must bear that burden.

The undersigned cannot determine whether the parties are diverse in citizenship.  "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court."[2]  Therefore, the citizenship of all of the parties who were named in the petition must be considered.

---

[1]      *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[2]      *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

In his petition, Mr. Downing alleged that he is domiciled in Florida.  Therefore, he is a citizen of Florida.[3]  In the removal notice, Hudson averred that it is a New York citizen, since it is a corporation organized under the laws of the state of New York and having its principal place of business in New York.  In accordance with 28 U.S.C. § 1332(c)(1), Hudson therefore is a citizen of New York.  Hudson also averred that defendant Applied Underwriters is a corporation organized under the laws of the state of Nebraska, with its principal place of business in Nebraska.[4]  Therefore, Applied Underwriters is a citizen of Nebraska.  Were these the only parties to the lawsuit, the undersigned would conclude that the parties are diverse in citizenship.

In the petition, however, Mr. Downing referred to Colton Stiles as a defendant in the suit although the caption for the state-court petition does not list Mr. Stiles as a defendant.  In the petition, Mr. Downing stated that he has settled with Mr. Stiles's insurer, Farm Bureau Insurance Company, before the suit was filed but he did not indicate whether a settlement was reached with Mr. Stiles.  If Mr. Stiles is a defendant

---

[3]        *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (the state where a person is domiciled is also his state of citizenship.)

[4]        Applied Underwriters's citizenship must be considered since it was a party to the lawsuit at the time of removal.  *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) ("Jurisdictional facts are determined at the time of removal.").  See, also, *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.").

in this lawsuit, his citizenship must be evaluated so that a determination can be made regarding whether the parties are diverse.

The undersigned also finds that Hudson has not established that the amount in controversy exceeds the jurisdictional threshold.  In a case like this one, in which the plaintiffs do not seek recovery of a determinate amount in their complaint, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[5]  To satisfy that burden, the party must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[6]

Here, the plaintiff did not seek a determinate amount of damages in his complaint, and the undersigned finds that the jurisdictional amount is not "facially apparent" from the allegations of the plaintiffs' petition.  The facts alleged are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement.  No information is provided concerning the precise nature or extent of the injuries Mr. Downing allegedly sustained in the subject motor vehicle accident, the amount of medical expenses he has incurred to date, the

---

[5]     *St. Paul Reinsurance*, 134 F.3d at 1253.

[6]     *St. Paul Reinsurance*, 134 F.3d at 1253.

type of medical treatment he has undergone, or the wages that he lost as a result of the accident.  Therefore, the undersigned cannot determine whether the amount in controversy exceeds the jurisdictional threshold.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, Hudson shall file a memorandum (a) stating whether Colton Stiles is a defendant in this lawsuit and, if so, identifying the state of which he is a citizen; and (2) setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum.  These facts should be supported with summary-judgment-type evidence.  The plaintiff will be allowed seven days to respond to Hudson's submission.

Signed at Lafayette, Louisiana, this 6th day of February 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE